BENTHAM L. BOWEN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

May 5, 1887.

**Railway Company—Sparks from Locomotive—Statutory Presumption.**—By Gen. St. 1878, c. 34, § 60, the fact that the fire which caused the damage was scattered or thrown from a railway engine is made *prima facie* evidence *only* of defects in the engine, and negligence of the employes of the company in *operating* it, and not of negligence in leaving the right of way in an unsafe condition.

**Same—Erroneous Instruction as to Presumption—Insufficient Exception.**—But where, under the pleadings and evidence, the questions of negligence in operating the engine and in leaving combustible matter on the right of way are both in issue, it is not error, as against a *mere general exception*, for the court to charge the jury generally that the fact that fire was scattered from an engine was *prima facie* evidence of negligence on part of the railway company. Additional and more specific instructions should have been asked, limiting the application of the instructions to the question of negligence in the management of the engine.

**Same — Negligence — Combustible Matter on Right of Way.**—*Held, also,* by a majority of the court, that, upon the evidence in this case, the question of negligence of defendant in leaving combustible matter on its right of way was one of fact for the jury.

Appeal by defendant from an order of the district court for Polk county, *Stearns,* J., presiding, refusing a new trial after verdict for plaintiff. The action was to recover the value of hay, farm-buildings, etc., destroyed by fire, kindled, as alleged, by sparks negligently permitted to escape from a locomotive of defendant and igniting the stubble negligently left on its right of way.

*R. B. Galusha* and *R. A. Wilkinson,* for appellant.

*R. J. Montague* and *Bennett & O'Keefe,* for respondent.

MITCHELL, J. The plaintiff charged the defendant with negligence, both in the management of the engine which scattered the fire, and also in permitting dry grass and stubble to remain on its right of way. Both questions were submitted to the jury. The court instructed

them, in substance, that the fact that the fire which caused the damage was scattered or thrown by the locomotive was *prima facie* evidence that defendant was guilty of negligence, and cast upon it the burden of proving that it was not.   This is assigned as error.   We agree with defendant that the presumption of negligence arising, under the statute, (Gen. St. 1878, *c.* 34, § 60,) from the fact that the fire which caused the damage was scattered or thrown from a railway engine, applies only to defects in the engine, and negligence of employes in operating it.   The employes referred to in the statute are evidently those managing the engines, and consequently the negligence referred to is negligence in such management.   The reason of the rule is that the fact as to the construction of the engines, their state of repair, and the manner in which they were operated, are peculiarly, and usually exclusively, within the knowledge of the railway company.   But the condition of the right of way is a matter equally within the means of knowledge of both parties.   It comes within neither the letter nor the reason of the statute.   The instruction complained of was, however, correctly given upon the issue as to the manner in which the engine was operated; and, if counsel feared it might be misapplied by the jury, he should have asked for more specific instructions on that point.   Not having done so, a mere general exception to the charge will not avail him.

2. The statutory presumption of negligence in regard to the condition and management of the engine was fully rebutted by the second finding of the jury; but they further found that, "at the time of the fire, the defendant had allowed dry grass or stubble to accumulate and remain on its right of way at the point where the fire originated, to such an extent as, under all the circumstances, constituted negligence which contributed to the injury complained of."   The only remaining question is whether this finding is supported by the evidence.   There is practically no conflict as to the facts.   It appears that, at the point referred to, the defendant's road ran through a large timothy meadow of one Carroll.   Defendant's right of way was 100 feet wide,—50 feet on each side of the centre of the track.   On the side where the fire started, there was, along the railway, a ditch 7 feet wide, the inner edge of which was some 20 feet from the centre

line of the track. There was little or no grass in the ditch. The right of way between the ditch and the track was mowed, and the grass burned by defendant, in September. Indeed, there is no claim that this part of the right of way was not in safe condition. That part of the right of way outside the ditch was in timothy, the same as the adjacent meadow; and Carroll mowed it, and carried away the grass for hay when he mowed his meadow, at the usual time, in July or August. There remained, therefore, the timothy stubble, and the aftermath which grew that fall after Carroll mowed it, to the height, as plaintiff himself testifies, of *an inch or an inch and a half*, but to the height of about four inches according to one of his witnesses. This stubble and aftermath of course became dead and dry during the fall and winter, and it was into this that, on the first of the following May, sparks from the engine fell, and ignited the fire which spread over the meadow, and finally to plaintiff's premises. There are no other facts or circumstances in evidence throwing any light upon the situation.

The chief justice and myself are of opinion that upon this state of facts, and in the absence of any evidence of any special circumstances requiring any peculiar or unusual caution on part of the railway company at this time and place, there was no evidence whatever of negligence on part of defendant to go to the jury, and consequently none to support the verdict. On the other hand, the majority of the court are of opinion that upon the undisputed facts it was fairly and properly a question for the jury whether the defendant exercised due care in the premises, and that, therefore, the verdict cannot be disturbed.

Order affirmed.